Territorial Law Library

FILED
SUPERIOR COURT
2013 DEC 27 PM 3: 28
OF COURT

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

vs.

VIRGILIO DEMAPAN, MERLITO
VERGARA, QUINCY AGUON, and
RICHARD ESPEDION,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF0045-13

**DECISION AND ORDER
ON MOTION TO SEVER**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on October 23, 2013 on Defendant Quincy Aguon's Motion to Sever. The People were represented by Assistant Attorney General James Collins. Defendant Aguon was represented by Attorney Leevin Camacho. Defendant Virgilio Demapan was represented by Attorney F. Randall Cunliffe. Defendant Merlito Vergara was represented by Attorney Anthony R. Camacho. Defendant Richard Espedion was represented by Attorney Howard Trapp. After a hearing, the matter was taken under advisement. The Court now issues its Decision and Order.

## BACKGROUND

Defendants are charged with Possession of a Schedule II Controlled Substance with Intent to Distribute (as a First Degree Felony) and Distribution of a Schedule II Controlled Substance (as a First Degree Felony). After their arrests, several of the Defendants made statements to the police.

On August 8, 2013, Defendant Aguon filed his Motion to Sever. He argues that statements made by his codefendants inculpate him and unless each of them testify at trial, the result would be a violation of the Confrontation Clause.

On September 24, 2013, the People filed their Opposition to the motion. The People argue in favor of the efficiency and economy of having a single trial. They contend that severance is not required and that any potential prejudice as to Defendant Aguon can be cured by limiting instructions. The Codefendants in this case did not oppose Aguon's motion. For the reasons set forth below, Defendant Aguon's motion shall be granted.

## DISCUSSION

The Fifth Amendment privilege against self-incrimination has been consistently interpreted to establish a defendant's absolute right not to testify at his own trial unless he freely chooses to do so. See Turner v. United States, 396 U.S. 398, 432-33 (1970). "In all criminal prosecutions, the accused shall enjoy the right... to be confronted with the witnesses against him." U.S. Const. amend. VI. Here, Defendant Aguon's right to confrontation is in direct conflict with his codefendants' right to not be called as witnesses at their own trial.

"If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires." 8 G.C.A. § 65.35. Whether to sever the trial of a defendant who has been properly joined for trial with other defendants is a matter within the sound discretion of the trial court. See Opper v. United States, 348 U.S. 84, 95 (1954). "We cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-examination. The effect is the same as if there had been no instruction at all." Bruton v. United States, 391 U.S. 123, 137 (1968).

Due to the circumstances presented in this case, the nature of the defenses, and the potential for a violation of the Sixth Amendment, it is the finding of this Court that severance is proper.

//

//

-2-

Decision and Order
Case No. CF0045-13

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Sever is hereby **GRANTED**. A Trial Setting is scheduled for January 14, 2013 at 2:00 p.m.

It is **SO ORDERED** this 27th day of December, 2013.

Original Signed By:
Hon. Alberto C. Lamorena III

_____
HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

DEC 2 7 2013

Esther L.S. Pinaula
Deputy Clerk, Superior Court of Guam

